STATE v. B. W. BARKSDALE.

(Filed 26 April, 1922.)

**Appeal and Error—Dismissal—Rules of Court.**

In this case, *held* that the appeal be dismissed in the Supreme Court on motion of the State for the failure of the appellant to docket his case at the first term of this Court beginning after the trial below, or apply for a *certiorari* upon filing a transcript of the record proper, in accordance with the requirements of the rules of Court regulating such matters.

APPEAL by defendant from *Finley, J.,* at July Criminal Term, 1921, of RICHMOND.

The defendant was convicted of soliciting orders for intoxicating liquors, and appealed. This case was here at Spring Term, 1921 (181 N. C., 621), and on a new trial below in July, 1921, he was again convicted, and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Gibbons & LeGrand and Travis & Travis for defendant.*

PER CURIAM. Though the defendant was convicted and appealed at July Term, 1921, of Richmond, the record was not docketed here, nor was any *certiorari* applied for, upon a filing of the transcript of the record proper on appeal at the fall term of this Court. Indeed, the appeal was not docketed here until 11 April, 1922. The motion of the Attorney-General to dismiss must be allowed. This has been the uniform practice of the Court, as was held in *S. v. Johnson, ante,* 730, where the matter is fully discussed with full citation of authorities.

Indeed, this has been the uniform practice in accordance with the rules of the Court in both civil and criminal cases. Among the more recent cases are *Howard v. Speight,* 180 N. C., 654, citing numerous precedents. At last term the same ruling was reaffirmed in *Buggy Co. v. McLamb,* 182 N. C., 762; *Kerr v. Drake, ibid.,* 765; *Tripp v. Somersett, ibid.,* 768, and *S. v. Satterwhite, ibid.,* 892, in which last case the rule was again reaffirmed with full citation of authorities.

Appeal dismissed.