### J. J. COOPER ET AL. v. BOARD OF COMMISSIONERS OF FRANKLIN COUNTY.

(Filed 20 September, 1922.)

**1. Supreme Court—Rules of Practice—Petition to Rehear—Appeal and Error.**

The requirement of Rule 52 that petition for rehearing be filed within forty days after the filing of the opinion in the case is mandatory upon all litigants alike, and will be rigidly enforced.

**2. Same—Statutes—Conflict—Constitutional Law.**

The Supreme Court is given, by Article I, section 8, of our Constitution, exclusive power to make its own rules of practice, without legislative authority to interfere, and in case of conflict the rules made by the Court will be observed.

PETITION to rehear. See 183 N. C., 231.

PER CURIAM. When the petition to rehear was filed, the justices to whom it was referred submitted it to the consideration of the Court in conference. *McGeorge v. Nicola,* 173 N. C., 733. The opinion in the instant case was filed on 29 March, 1922, and the petition to rehear on 16 September, 1922. The petitioners rely upon the provision of C. S., 1419, as to the time within which a petition for rehearing may be filed, this section apparently extending the time twenty days after the commencement of the term succeeding that in which the opinion is filed. The rules of practice in the Supreme Court expressly require petitions for rehearing to be filed within forty days after the filing of the opinion in the case. 174 N. C., 841, Rule 52. In *Lee v. Baird,* 146 N. C., 363, *Hoke, J.,* said: "There is no doubt of the power of the Court to estab-

lish the rules in question, and in numbers of decisions we have expressed an opinion both of their necessity and binding force. Thus, in *Walker v. Scott,* 102 N. C., 490, *Merrimon, J.,* for the Court, said: 'The impression seems to prevail to some extent that the rules of practice prescribed by this Court are merely directory—that they may be ignored, disregarded, and suspended almost as of course. This is a serious mistake. The Court has ample authority to make them. Const., Art. IV, sec. 12; The Code, sec. 691; *Rencher v. Anderson,* 93 N. C., 105; *Barnes v. Easton,* 98 N. C., 116. They are deemed essential to the protection of the rights of litigants and the due administration of justice. They have force, and the Court will certainly see that they have effect, and are duly observed whenever they properly apply.' And in *Horton v. Green,* 104 N. C., 403, the present *Chief Justice,* in speaking of one of our rules of practice, said: 'We have stated this much to show the reasonableness and necessity of the rule, for the power of the Court to make it is as clear as that it is our duty to rigidly adhere to it after it is adopted, and enforce it impartially as to all cases coming under its operation. The late *Chief Justice Pearson* was accustomed to say of the rules of Court: There is no use of having a scribe unless you cut up to it.' And the same judge, in *Calvert v. Carstarphen,* 133 N. C., 27, 28, on this subject, said: 'The rules of this Court are mandatory, not directory.' *Walker v. Scott,* 102 N. C., 487; *Wiseman v. Comrs.,* 104 N. C., 330; *Edwards v. Henderson,* 109 N. C., 83. As the Constitution, Art. I, sec. 8, provides that 'The legislative, executive, and supreme judicial powers of the Government ought to be forever separate and distinct from one another,' the General Assembly can enact no rules of practice and procedure for this Court, which are prescribed solely by our rules of Court. *Herndon v. Ins. Co.,* 111 N. C., 384; 18 L. R. A., 547; *Horton v. Green,* 104 N. C., 400; *Rencher v. Anderson,* 93 N. C., 105." The attention of the profession is again called to the fact that the requirement of the rule of practice in the Supreme Court is mandatory in this respect, not merely directory, and must be observed. The petition to rehear is dismissed.

Petition dismissed.