S. E. FINCH ET AL. v. COMMISSIONERS OF NASH COUNTY ET AL.

(Filed 23 September, 1925.)

**Appeal and Error—Docketing—Extension of Time—Agreement of Counsel—Approval of Judge—Statutes.**

In order for the appellant to have his appeal determined by the Supreme Court as a matter of right, it is imperative that he docket it in the Court under the rule as it applies to his district, and no consent of the parties as to extended time to be given, in making up and settling the case, etc., and no approval thereof of the trial judge under the provisions of C. S., 643 can have additional force when by reason thereof the appeal has been docketed later than the time required by the rule.

MOTION for *certiorari* to have case brought up from NASH Superior Court and heard on appeal.

*J. W. Bailey and O. B. Moss for plaintiffs, movants.*

STACY, C. J. It appears from an inspection of the record now before the Court, that the plaintiffs instituted this action on 1 July, 1925, to enjoin the Board of Education of Nash County from consolidating certain school districts, and further to restrain the board of commissioners of said county from levying taxes in the proposed consolidated territory or districts. There was a preliminary restraining order issued in the cause, returnable before Judge M. V. Barnhill at Rocky Mount on 10 July, 1925. Upon the hearing before Judge Barnhill the temporary restraining order was dissolved and the action dismissed, it appearing that injunctive relief was the primary and only remedy sought by plaintiffs. To this judgment, the plaintiffs excepted and gave notice of appeal to the Supreme Court. By consent, plaintiffs were allowed sixty days within which to prepare and serve statement of case on appeal, and the defendants were allowed thirty days thereafter to file exceptions or counter statement of case. This application for *certiorari* was made on 1 September, 1925, for the reason that "the

case on appeal has not been served or made up; and therefore the record is not in condition for hearing at this term of the Supreme Court."

Under our settled rules of procedure, an appeal from a judgment rendered prior to the commencement of a term of the Supreme Court must be brought to the next succeeding term; and, to provide for a hearing in regular order, it is required that the same shall be docketed here seven days (14 after 1 January, 1926) before entering upon the call of the docket of the district to which it belongs, with the proviso that appeals in civil cases from the First, Second, Third and Fourth Districts, tried between the first day of January and the first Monday in February, or between the first day of August and the fourth Monday in August, are not required to be docketed at the immediately succeeding term of this Court, though if docketed in time for hearing at said first term, the appeal will stand regularly for argument. Rule 5, Vol. 185, page 788, as amended, Vol. 189, page 843. In numerous decisions of the Court dealing directly with the subject, it has been held that these rules governing appeals are mandatory and not directory. *Walker v. Scott,* 102 N. C., 490. The only modification sanctioned by the decisions is that where, from lack of sufficient time or other cogent reason, the case is not ready for hearing, it is permissible for the appellant, within the time prescribed, to docket the record proper and move for *certiorari,* which motion may be allowed by the Court, in its discretion, on sufficient showing made, but such writ is not one to which the moving party is entitled as a matter of right. *S. v. Farmer,* 188 N. C., 243. *S. v. Johnson,* 183 N. C., 730.

It is urged on behalf of movants that the writ should issue in the instant case, because the trial judge, under authority of C. S., 643, as amended by chap. 97, Public Laws 1921, approved the agreement of counsel that the time for serving statement of case on appeal and exceptions thereto, or counter statement of case, should be extended, and that the time so extended has not yet expired. True, the discretionary power to enlarge the time for preparing and serving statement of case on appeal and exceptions thereto, or counter statement of case, is lodged in the trial court by virtue of the statute above mentioned (*S. v. Humphrey,* 186 N. C., 533); but this gives him no more authority to abrogate the rules of the Supreme Court than litigants or counsel would have to impinge upon them by consent or agreement. *Cooper v. Comrs.,* 184 N. C., 615.

In *S. v. Butner,* 185 N. C., 731, it was said: "It is out of the power of the judge or solicitor to dispense with the rule of this Court requiring such docketing at the time prescribed by the rules of this Court. While the Legislature can extend the time for settling a case on appeal, it cannot impinge upon the rules of this Court, *Herndon v. Ins.*

*Co.,* 111 N. C., 384, specifying the time in which an appeal must be docketed, unless the Court shall see fit to grant a *certiorari,* which is a matter within its discretion."

Again, in *S. v. Dalton,* 185 N. C., 606, it was said: "The decisions of this Court have been uniform that on failure to docket the appeal in the time prescribed, it will be docketed and dismissed, unless a motion is made for *certiorari* at the next succeeding term and sufficient cause shown for the failure." See, also, *Byrd v. Southerland,* 186 N. C., 385; *Rose v. Rocky Mount,* 184 N. C., 609; *Mimms v. R. R.,* 183 N. C., 436, where the whole matter is discussed at considerable length, with full citation of authorities.

The order of the judge, in so far as it is relied upon as authority for disregarding the rule requiring the appeal to be brought to the next succeeding term of the Supreme Court, can have no greater weight than an agreement between counsel or litigants to this effect. Speaking to the force of such an agreement in *S. v. Farmer, supra, Hoke, C. J.,* said: "It is insisted that by agreement between counsel for appellant and the solicitor, the time for preparing the case on appeal was extended beyond the opening of the fall session of this Court, and that as a matter of fact the solicitor of the district is still engaged in preparing the counter-case for the State on defendant's appeal. But such a position cannot for a moment be allowed. These rules, prepared pursuant to the powers vested in this Court by the Constitution, and designed to promote the expeditious and orderly hearing of causes on appeal, are in no wise subject to the agreement of counsel. As held in *Rose v. Rocky Mount, supra,* neither parties litigant nor their attorneys have authority by agreement among themselves to disregard them."

Recurring to the facts, appearing on the record, we are of opinion that no sufficient cause has been shown for appellants' failure to prosecute the appeal and to have the same here at the next succeeding term of the Court as required by the rules. As already stated, the action is to enjoin the defendant, board of education, from consolidating certain school districts, and to restrain the county board of commissioners from levying taxes to carry on the schools in said consolidated districts. The matter was heard before Judge Barnhill, 10 July, 1925, on the pleadings, affidavits and oral testimony of one witness. The judge found the facts and embodied them in his judgment. The record is not large. The case is one in which the public has an interest. The only reason assigned for appellants' failure to have the appeal ready for hearing at the present term of Court is that, by consent of the parties, approved by the judge, the time for settling the case was extended. The showing thus made is not sufficient to warrant the issuance of a *certiorari.*

Motion denied.