PEOPLES BANK & TRUST CO. v. B. P. PARKS ET UX.

(Filed 24 February, 1926.)

**1. Appeal and Error—Certiorari—Laches—Rules of Court.**

A motion for a *certiorari* will not be considered in the Supreme Court when not timely made in accordance with the rule, and it appears that appellant has been guilty of laches in respect to serving his case, and negligent otherwise. Rule 5, 185 N. C., p. 788, as amended 189 N. C., p. 843.

**2. Same—Superior Court—Extension of Time by Judge.**

The trial judge has no authority to extend time for the service of case by the respective parties to exceed that fixed by the Rule of Court for perfecting appeals.

**3. Appeal and Error—Certiorari—Writ, when Granted.**

Appellants are only entitled as of right to the granting of their motion in the Supreme Court for a writ of *certiorari*, when the failure to perfect their appeal is due to some error or act of the court, or its officers, and not to any fault or neglect of theirs, or of their agents.

**4. Same—Discretion of Court.**

The granting of a writ of *certiorari* to bring up a case on appeal to the Supreme Court, is not an absolute right of the appellant, but ordinarily rests in the discretion of the Supreme Court.

MOTION for *certiorari* to have case brought up from WAYNE Superior Court and heard on appeal.

*J. Faison Thomson, D. H. Bland and N. W. Outlaw for defendants, movants.*

STACY, C. J. This was an action to set aside a deed alleged to have been made by B. P. Parks to his wife, Myrtle Parks, with intent to hinder, delay and defraud the creditors of the said B. P. Parks. The case was tried at the October Term, 1925, Wayne Superior Court, and resulted in a verdict and judgment in favor of the plaintiff. The defendants gave notice of appeal to the Supreme Court. By consent, de-

fendánts were allowed sixty days within which to prepare and serve statement of case on appeal, and the plaintiff was allowed sixty days thereafter to file exceptions or counter statement of case. This application for *certiorari* was made 10 February, 1926, for the reason "that said plaintiff and defendant are unable to agree as to a correct statement of case on appeal, and it is impossible to have same settled by the judge who tried the case in time to be presented at this term of the Supreme Court."

The defendants served their statement of case on appeal 24 December, 1925, the last day allowed to them for serving same, and the plaintiff served its counter-case 4 February, 1926, less than sixty days thereafter. It does not appear that the papers have been sent to the judge or that he has been requested to set a time for settling the case before him. The record proper, upon which the motion for *certiorari* is based, was not filed in this Court until 10 February, 1926, less than 14 days before the call of the docket from the Fourth District, the district to which the case belongs. There is nothing on the record to suggest the necessity of any unusual time in preparing the case on appeal.

Under our settled rules of procedure, an appeal from a judgment rendered prior to the commencement of a term of the Supreme Court must be brought to the next succeeding term; and, to provide for a hearing in regular order, it is required that the same shall be docketed here fourteen days before entering upon the call of the district to which it belongs, with the proviso that appeals in civil cases from the First, Second, Third and Fourth Districts, tried between the first day of January and the first Monday in February, or between the first day of August and the fourth Monday in August, are not required to be docketed at the immediately succeeding term of this Court, though if docketed in time for hearing at said first term, the appeal will stand regularly for argument. Rule 5, vol. 185, page 788, as amended, vol. 189, page 843.

We again call the attention of the profession to the fact that the rules governing appeals are mandatory and not directory. The Court has not only found it necessary to adopt them, but equally necessary to enforce them and to enforce them uniformly. *Finch v. Comrs.,* 190 N. C., 154. The single modification sanctioned by the decisions is that where, from lack of sufficient time or other cogent reason, the case is not ready for hearing, it is permissible for the appellant, within the time prescribed, to docket the record proper and move for *certiorari,* which motion may be allowed by the court, in its discretion, on sufficient showing made, but such writ is not one to which the moving party is entitled as a matter of right. *S. v. Farmer,* 188 N. C., 243.

Nor is the situation bettered when the time for serving statement of case on appeal and exceptions thereto or counter statement of case is enlarged by order of the judge trying the case as he is authorized, in his discretion, to do under C. S., 643, amended by chapter 97, Public Laws 1921, for this statute gives him no more authority to abrogate the rules of the Supreme Court than litigants or counsel would have to impinge upon them by consent or agreement. *Cooper v. Comrs.*, 184 N. C., 615.

It will be observed that the defendants in the present case by agreeing to such a long extension of time and by taking the full sixty days allowed to them, thereby put it out of their power to have the case ready for hearing on appeal as required by the rules of the Supreme Court. This they did at the peril of losing their right of appeal, and, as might have been expected, they have lost it.

Appellants are entitled to a writ of *certiorari* only when the failure to perfect their appeal is due to some error or act of the court or its officers, and not to any fault or neglect of theirs or that of their agent. *Bank v. Miller,* 190 N. C., 775.

Motion denied.