E. L. STONE ET AL. v. P. B. LEDBETTER.

(Filed 19 May, 1926.)

**1. Appeal and Error—Rules of Court—Record—Docketing.**

An appeal taken before the commencement of a term of the Supreme Court must be docketed by appellant fourteen days before the call in its order of the district to which it belongs.

**2. Same—Certiorari—Laches.**

Where the appellant asserts that he is not in default in docketing his appeal in the time required by the rule, he may apply for a certiorari to bring up the transcript of the case, or the omitted part, and thus only have the question of his laches therein passed upon.

**3. Same—Mandatory—Agreement of Parties—Courts.**

The rules of the Supreme Court regulating the time of docketing appeals are mandatory, and uniformly enforced by the court, without authority to the judges or parties to the action to change them by agreement or otherwise.

**4. Same—Dismissal Ex Mero Motu.**

Where the rules of the Supreme Court regulating the docketing of appeals have not been observed, and the appellant has lost his right, the Supreme Court may dismiss the appeal *ex mero motu.*

APPEAL by defendant from *Harding, J.,* at August Term, 1925, of TRANSYLVANIA. Appeal dismissed.

*Welch Galloway for the plaintiffs.*
*D. L. English for the defendant.*

ADAMS, J. The plaintiffs brought suit against the defendant to recover a tract of land and to remove a cloud from their title. The cause was tried at a term of the Superior Court which convened 27 July, 1925, and judgment was rendered in favor of the plaintiffs. The defendant gave notice of appeal and his case and the plaintiffs' counter-

case were served in due time. The Supreme Court was not then in session, and under the fifth and seventh rules of practice (185 N. C., 288) the transcript of the record on appeal should have been docketed here at' the Fall Term, 1925, seven days (now fourteen) before the docket of the eighteenth district was called; but the parties agreed in writing to extend the time for settling the case on appeal until the December term of the Superior Court of Transylvania. This agreement was made 23 November, more than three months after the trial, and one week before the docket of the district was to be called, and owing to this agreement the case on appeal was not settled until 10 December, 1925. One month later, 10 January, 1926, the appeal was filed in this Court.

"It is the established rule of our procedure that an appeal from a judgment rendered prior to the commencement of a term of this Court must be brought to the next succeeding term of this Court, and in order to a hearing in regular order, the same shall be docketed seven days before the calling of the docket of the district to which it belongs . . . In numerous decisions of the Court dealing directly with the subject, it has been held that these rules governing appeals are mandatory and must be uniformly enforced, the only modification permitted or sanctioned by these decisions being to the effect that where from lack of sufficient time or other cogent reason, the case on appeal may not be in shape for docketing in the time required, the appellant may within such time docket the record proper and move for a *certiorari,* which may be allowed by the Court on sufficient showing made." *S. v. Farmer,* 188 N. C., 243.

In *Haynes v. Coward,* 116 N. C., 840, it is said: "If there is delay in sending up the transcript on appeal in time to be docketed for hearing during the call of the district to which it belongs at the first term of this Court beginning after the trial below as required by Rule 5, and such delay is caused by the neglect of the clerk or judge, all the authorities are to the effect that the appellant, if without laches himself, is entitled to a *certiorari* to bring up the transcript or the omitted part of it as the case may be. But the writ must be applied for regularly at such term, Rule 41 (now 34), and before the appeal is dismissed." To the same effect is *Brown v. House,* 119 N. C., 622: "The appellee makes the objection to the petition for *certiorari* that the appellant has not filed a transcript of the record proper (or shown why he could not do so) as a basis for the motion for a *certiorari* for the 'case on appeal.' The objection is fatal. *Pittman v. Kimberly,* 92 N. C., 562; *Owens v. Phelps,* 91 N. C., 253; *S. v. Freeman,* 114 N. C., 872; *Shober v. Wheeler,* 119 N. C., 471. The petitioner for *certiorari* must show himself free from laches by doing all in his power towards having the appeal perfected and docketed in time." Also, *S. v. Trull,* 169 N. C., 363, 370: "It appears in

the record that the solicitor agreed with the prisoner's counsel that the case might be postponed and docketed at this term. This was an irregularity, and was beyond his authority. The statute must be complied with and the cause docketed at the next term here after the trial below. If in any case there is any reason why this cannot be done, the appellant must docket the record proper and apply for a *certiorari,* which this Court may allow, unless it dismisses the appeal, and may then set the case for trial at a later day at that term or continue it, as it finds proper. It is not permitted for counsel in a civil case, nor to the solicitor in a State case, to assume the functions of this Court and allow a cause to be docketed at a later term than that to which the appeal is required to be brought by the statute and the rules of this Court."

From the decisions and the rules of practice in the Supreme Court the following conclusions, as applicable to this appeal, may be deduced: 1. The transcript of the record on appeal from a judgment rendered before the commencement of a term of this Court must be docketed fourteen days before the calling in its order of the docket of the district to which it belongs. Rule 5 as amended, 185 N. C., 788; 189 N. C., 842. 2. If without the appellant's negligence the transcript is delayed so that it cannot be docketed for hearing during the call of the district to which it belongs at the first term of this Court beginning after the trial, the appellant may apply for a *certiorari* to bring up the transcript or the part of it which has been omitted. *Haynes v. Coward, supra.* 3. The rules of practice in the Supreme Court are mandatory, not directory, and must be uniformly enforced. *S. v. Farmer, supra.* 4. Neither the judges, nor the solicitors, nor the attorneys, nor the parties have any right to ignore or dispense with the rules requiring such docketing within the time prescribed. *Herndon v. Ins. Co.,* 111 N. C., 384; *Mimms v. R. R.,* 183 N. C., 463; *S. v. Butner,* 185 N. C., 731. 5. If the rules are not observed the Court may *ex mero motu* dismiss the appeal.

These conclusions are supported by the following additional authorities: *S. v. Dawkins,* 190 N. C., 443; *Hamby v. Construction Co.,* 189 N. C., 747; *Byrd v. Southerland,* 186 N. C., 384; *Cooper v. Comrs.,* 184 N. C., 615; *S. v. Johnson,* 183 N. C., 730; *S. v. Ward,* 180 N. C., 693; *Burrell v. Hughes,* 120 N. C., 277.

Under the circumstances disclosed by the record the appeal must be dismissed; but we have examined the appellant's exceptions and in our opinion the case was tried in substantial compliance with the law and is free from reversible error. The chief controversy involved questions of fact, such for instance as the adverse possession of the defendant and those under whom he claimed.

Appeal dismissed.