STATE Ex. Rel., H. L. MILLS, ADMINISTRATOR, v. NATIONAL SURETY COMPANY ET AL.

(Filed 27 May, 1926.)

**1. Appeal and Error—Transcript—Docket—Record Proper—Certiorari—Motions.**

Where the record of a case on appeal is not docketed in the Supreme Court at the time required by the rule of Court, preceding the call of the district in which it belonged for argument, it will be dismissed, but the Court may, in its discretion and not as a matter of right of the

appellant, grant further time for the filing of the record, if the appellant files the record proper in apt time and thereupon moves for a *certiorari,* showing that the delay was not attributable to himself.

**2. Same—Agreement of Counsel.**

The appellant is not justified in not docketing his case on appeal in time, by an agreement with the appellee to extend time for the settlement of a case on appeal.

**3. Appeal and Error—Rules of Court—Dismissal.**

The rule of Court requiring the docketing of the appeal within a certain time, etc., is mandatory.

APPEAL by plaintiff from *Barnhill, J.,* at November Term, 1925, of ONSLOW.

Civil action to recover damages for an alleged negligent and wanton killing of plaintiff's intestate by the defendant, J. R. Gurganus, sheriff of Onslow County.

From a verdict exculpating the defendant from any and all liability, and judgment rendered thereon, the plaintiff appeals, assigning errors.

*Shaw, Jones & Jones for plaintiff.*
*John D. Warlick and E. W. Summersill for defendants.*

STACY, C. J. This case was tried at the November Term, 1925, Onslow Superior Court, and resulted in a verdict and judgment in favor of the defendants. The plaintiff gave notice of appeal to the Supreme Court. By consent, plaintiff was allowed forty-five days within which to prepare and serve statement of case on appeal, and the defendants were allowed thirty days thereafter to file exceptions or counter statement of case. Later, this time was extended by mutual consent, and on 12 April, 1926, the case was settled by agreement of counsel and filed in this Court on 24 April, 1926. There was no application for a writ of *certiorari* in the meantime. *S. v. Farmer,* 188 N. C., 243. The appeal must be dismissed for failure to comply with the rules. *Stone v. Ledbetter,* 191 N. C., 777. It should have been docketed here not later than 16 February, 1926, fourteen days before the call of the Sixth District, the district to which it belongs. *Trust Co. v. Parks,* 191 N. C., 263.

We again call the attention of the profession to the fact that the rules governing appeals are mandatory and not directory. The Court has not only found it necessary to adopt them, but equally necessary to enforce them and to enforce them uniformly. The single modification sanctioned by the decisions is that, where from lack of sufficient time or other cogent reason, the case is not ready for hearing in regular order, it is permissible for the appellant to docket the record proper, within the time prescribed, and move for a *certiorari,* which motion may be allowed by the court,

in its discretion, on good cause shown, but such writ is not one to which the moving party is entitled as a matter of right. *Finch v. Comrs.,* 190 N. C., 154.

While the present appeal must be dismissed, under the circumstances disclosed by the record, we have examined appellant's exceptions and assignments of error and find them to be without substantial merit. The case seems to have been tried in accordance with the principles of law applicable. The controversy on trial reduced itself largely to a question of fact, which the jury has determined in favor of the defendants.

Appeal dismissed.