E. H. AND M. F. WALLER v. C. A. DUDLEY, JR.

(Filed 16 March, 1927.)

1. **Appeal and Error—Time Agreed for Settlement of Case—Rules of Court—Order of Court—Certiorari—Motions.**

Where the parties to an action have agreed, or the judge at their request has allowed an extension of time for service of case and countercase, etc., that will prevent its being docketed in the time prescribed by Rule 5, regulating the docketing of appeals, and consequently no case has been yet settled by the trial judge, appellant's motion in the Supreme Court for a writ of *certiorari* will be denied.

**2. Supreme Court—Certiorari—Discretion—Appeal and Error—Rules of Court—Practice.**

The granting or refusal of a motion for a *certiorari* to bring up a case to the Supreme Court for review, when not contravening the fixed and uniformly applied rules of the Court, is within the discretion of that Court.

MOTION for *certiorari* to have case brought up from LENOIR Superior Court and heard on appeal.

*Shaw & Jones for defendant, movant.*

STACY, C. J. This was an action in trespass to recover damages for an alleged wrongful cutting of plaintiff's timber. A question of boundary being involved, the cause was referred under the statute to Hon. D. M. Clark, who found the facts and reported same, together with his conclusions of law, to the court. In said report, the dividing line between the lands of the plaintiffs and the defendant was established and the plaintiffs awarded $796 as damages for the wrongful cutting of their timber by the defendant. On exceptions duly filed and demand for a jury trial, issues were submitted at the November Term, 1926 (which convened 9 November and continued for two weeks), Lenoir Superior Court, Hon. W. A. Devin, judge presiding, and answered as follows:

"1. Did the defendant trespass upon the lands of the plaintiffs and cut and remove therefrom cord wood and timber trees as alleged? Answer: Yes.

"2. If so, what damages, if any, are plaintiffs entitled to recover? Answer: $450.00."

From a judgment on the verdict in favor of plaintiffs, the defendant gave notice of appeal to the Supreme Court. By consent of counsel and by order duly entered in the cause, the defendant was allowed sixty days within which to prepare and serve statement of case on appeal, and the plaintiffs were allowed sixty days thereafter to file exceptions or counter statement of case. This application for *certiorari* was made 8 March, 1927, for the reason "that said case on appeal has not yet been settled."

The defendant served his statement of case on appeal 19 January, 1927, and it does not appear that the plaintiffs have filed any exceptions or counter statement of case, the time for doing so not having expired when the motion for *certiorari* was made in this Court. There is nothing on the record to suggest the necessity of any unusual time in preparing the case on appeal.

Under our settled rules of procedure an appeal from a judgment rendered prior to the commencement of a term of the Supreme Court must be brought to the next succeeding term; and, to provide for a hearing in

regular order, it is required that the same shall be docketed here fourteen days before entering upon the call of the district to which it belongs, with the proviso that appeals in civil cases (but not so in criminal cases) from the First, Second, Third and Fourth Districts, tried between the first day of January and the first Monday in February, or between the first day of August and the fourth Monday in August, are not required to be docketed at the immediately succeeding term of this Court, though if docketed in time for hearing at said first term, the appeal will stand regularly for argument. Rule 5, vol. 192, p. 841.

We again call the attention of the profession to the fact that the rules governing appeals are mandatory and not directory. The Court has not only found it necessary to adopt them, but equally necessary to enforce them and to enforce them uniformly. *Finch v. Comrs.,* 190 N. C., 154. The single modification sanctioned by the decisions is that where, from lack of sufficient time or other cogent reason, the case is not ready for hearing, it is permissible for the appellant, within the time prescribed, to docket the record proper and move for *certiorari,* which motion may be allowed by the Court in its discretion, on sufficient showing made, but such writ is not one to which the moving party is entitled as a matter of right. *S. v. Farmer,* 188 N. C., 243.

Nor is the situation bettered when the time for serving statement of case on appeal and exceptions thereto or counter statement of case is enlarged by order of the judge trying the case as he is authorized, in his discretion, under C. S., 643, as amended by chapter 97, Public Laws 1921, to do, for this statute gives him no more authority to abrogate the rules of the Supreme Court than litigants or counsel would have to impinge upon them by consent or agreement. *Cooper v. Comrs.,* 184 N. C., 615.

For the convenience of counsel, litigants and the Court, a fixed schedule is arranged for each term and a time set apart for the call of the docket from each of the judicial districts of the State. The calls are made in the order in which the districts are numbered. It can readily be seen, therefore, that, unless appeals are ready for argument during the time allotted to the district from which they came, it necessarily works a disarrangement of the calendar, and this not infrequently results in delay and sometimes in serious inconvenience. The work of the Court is constantly increasing, and, if it is to keep up with its docket, which it is earnestly striving to do, an orderly procedure, marked by a strict observance of the rules, must be maintained. When litigants resort to the judiciary for the settlement of their disputes, they are invoking a public agency, and they should not forget that rules of procedure are necessary, and must be observed, in order to enable the courts

properly to discharge their duties. *Battle v. Mercer,* 188 N. C., 116. The rules have been revised and annotated and are republished in the 192nd Report.

It will be observed that the defendant in the present case by agreeing to such a long extension of time and by taking practically the full sixty days allowed to him for preparing and serving his statement of case on appeal, thereby put it out of his power to have the case ready for hearing as required by the rules of the Supreme Court. Like situations were presented in the recent cases of *Trust Co. v. Parks,* 191 N. C., 263, and *Finch v. Comrs.,* 190 N. C., 154, where similar motions were denied. See, also, *S. v. Surety Co.,* 192 N. C., 52.

*Certiorari* disallowed.