G. M. WOMBLE ET AL. v. MONCURE MILL AND GIN COMPANY AND H. V. WICKER, RESPONDENT, APPELLANT.

(Filed 23 November, 1927.)

1. **Certiorari—Appeal and Error—Courts—Discretion—Fault of Movant.**

It is within the discretion of the Supreme Court to allow the issuance of the writ of *certiorari* to bring up a case before it for review and only for good or sufficient cause, as where the failure to perfect the appeal is due to some error or act of the court or its officers, and not to any fault or neglect of the movant or his agents.

2. **Courts—Rules of Court—Enforcement—Appeal and Error.**

The rules of the Supreme Court regulating appeals are mandatory and for equal enforcement as necessary to the more prompt and careful consideration and decision of the cases appealed from, and the due and orderly consideration of appeals may not be interfered with by the Superior Courts, the Legislature, or others.

3. **Courts—Rules of Court—Statutes—Certiorari—Appeal and Error.**

The appellant from an order of the Superior Court finding him guilty as for contempt of court, and who moves for *certiorari* in the Supreme Court, shows no legal excuse for the failure of the judge to have settled the case under due and orderly procedure, when the judgment fully and in an orderly manner sets forth the necessary facts upon which it was based; the appellant has taken an unusual time in preparing and serving his case, and he has not complied with C. S., 643, with respect to the service of the case, and in other respects as required by the rules of court.

MOTION by H. V. Wicker for *alias certiorari* to have case brought up from CHATHAM and heard on appeal.

*E. L. Gavin and Seawell & McPherson for respondent, movant.*

STACY, C. J. In this cause pending in the Superior Court of Chatham County, the receiver of the Moncure Mill and Gin Company lodged a motion before the judge of the Superior Court, holding the courts of the Fourth Judicial District, to have H. V. Wicker attached

37—194

for contempt, in that, it is alleged, the respondent unlawfully and wilfully removed certain lumber from the possession of the receiver, *scienter,* and wrongfully converted same, or the proceeds derived from a sale thereof, to his own use.

Judgment was entered 29 June, 1927, in which the facts are fully set out, the respondent adjudged to be guilty of contempt and required to pay a fine of $5.00 and the costs, and to surrender to the receiver the lumber in question or the proceeds derived from a sale thereof, in default of which, it is ordered that he be committed to the common jail of Chatham County. On 7 July, thereafter, the respondent gave notice of appeal from this judgment to the Supreme Court.

It is alleged that respondent's statement of case on appeal was served 31 August and exceptions filed thereto about 10 September, "which were immediately transmitted to the trial judge with request that he set a time and place for settling case on appeal." The respondent's application for *certiorari* was allowed 14 September, and the case set for argument at the end of the call of the docket from the Thirteenth District. No return having been made to this writ, because the case had not yet been settled, the respondent moved for an *alias certiorari* on 8 November, 1927. Consideration of this motion was continued *ex mero motu* until 15 November so that movant might have an opportunity to show merit, if any he had, by filing a detailed statement of the facts upon which the motion was based. Consideration of the motion was again continued *ex mero motu* until 17 November for further information. In a letter written to the clerk 16 November it is stated that "the above case was sent to the judge on 2 September," with request that he fix date for settling same on appeal, etc.

Assuming that the date, "2 September," stated in this letter, is erroneous, as it is at variance with the dates previously mentioned, still we are face to face with the fact that the respondent had failed to show any sufficient cause entitling him to a writ of *certiorari.*

In the first place the judgment sought to be reviewed is one as for contempt; the facts are found by the court and set out in detail; there is nothing to suggest the necessity of any unusual time in preparing the case on appeal. In the next place, it does not appear that the case should have gone to the judge for settlement at all. It was the duty of the appellant, under C. S., 643, to see that a copy of his statement of case on appeal was "served on the respondent within fifteen days from the entry of the appeal taken." This was not done. The statute further provides that "within ten days after such service the respondent shall return the copy with his approval or specific amendments endorsed

or attached." This was not done. It is also provided that, "if the case be approved by the respondent, it shall be filed with the clerk as a part of the record; if not returned with objections within the time provided, it shall be deemed approved." True, it is stated that the order, adjudging the respondent in contempt, "was finally heard and disposed of at Raleigh on 27 August, 1927." But this is at variance with the record, or else the whole of the record proper is not before us. Notice of appeal from the judgment of 29 June was filed in the office of the clerk of the Superior Court for Chatham County 7 July, 1927, and there is no suggestion of any extension of time, by agreement or otherwise, for preparing and serving statement of case on appeal.

*Certiorari* is a discretionary writ, to be issued only for good or sufficient cause shown, and it is not one to which the moving party is entitled as a matter of right. *Waller v. Dudley,* 193 N. C., 354; *Trust Co. v. Parks,* 191 N. C., 263, 131 S. E., 637; *Finch v. Comrs.,* 190 N. C., 154, 129 S. E., 195; *S. v. Farmer,* 188 N. C., 243, 124 S. E., 562. A party is entitled to a writ of *certiorari* when—and only when—the failure to perfect the appeal is due to some error or act of the court or its officers, and not to any fault or neglect of the party or his agent. *Trust Co. v. Parks, supra; Bank v. Miller,* 190 N. C., 775, 130 S. E., 616.

The rules governing appeals are mandatory and not directory. *Calvert v. Carstarphen,* 133 N. C., 25, 45 S. E., 353. They may not be abrogated or set at naught: (1) by act of the Legislature *(Cooper v. Comrs.,* 184 N. C., 615, 113 S. E., 569); (2) by order of the judge of the Superior Court *(Waller v. Dudley, supra),* or (3) by consent of litigants or counsel *(S. v. Farmer, supra).* The Court has not only found it necessary to adopt them, but equally imperative to enforce them and to enforce them uniformly.

For the convenience of counsel, litigants and the Court, a fixed schedule is arranged for each term of the Court and a time set apart for the call of the docket from each of the judicial districts of the State. The calls are made in the order in which the districts are numbered. It can readily be seen, therefore, that, unless appeals are ready for argument at the time allotted to the district from which they come, a disarrangement of the calendar necessarily follows, and this often results in delay and not infrequently in serious inconvenience. The work of the Court is constantly increasing and, if it is to keep up with its docket, as it is earnestly striving to do, an orderly procedure, marked by a due observance of the rules, must be maintained. *Battle v. Mercer,* 188 N. C., 116, 123 S. E., 258.

The present application for *certiorari* presents a striking illustration of the necessity and wisdom of adhering to the established rules of practice. More time has already been consumed in considering the motions, filed herein, than the case itself would have required. The appellant is not entitled to the writ on the showing made.

*Certiorari* disallowed.