N. O. COVINGTON v. HANES HOSIERY MILLS CO., ET AL.

(Filed 18 April, 1928.)

**Appeal and Error—Requisites and Proceedings for Appeal—Rules of Court—Briefs—Prosecution of Appeal—Dismissal.**

> The rules of the Supreme Court regulating the prosecution of appeals are mandatory, and must be equally observed, or the case will be dismissed. Apply *Estes v. Rash,* 170 N. C., 341, as to the requirements of appellant *in forma pauperis.*

APPEAL by plaintiff from *Lyon, Special Judge,* at September Term, 1927, of FORSYTH.

---

COVINGTON *v.* HOSIERY MILLS.

---

Civil action to recover for a personal injury, resulting in damage to plaintiff's leg and ankle, alleged to have been caused by the negligence of the defendants.

*L. W. Ferguson and W. L. Morris for plaintiff.*
*H. Z. Taylor and Fred M. Parrish for defendant, Southern Construction Company.*
*Manly, Hendren & Womble for defendant, H. H. Stewart.*

STACY, C. J. From a judgment of nonsuit, entered at the close of plaintiff's evidence, 23 June, 1927, in the Forsyth County Court, plaintiff appealed to the Superior Court of said county, where the judgment of the county court was upheld and affirmed, September Term, 1927. Notice of appeal to the Supreme Court was given at said term and plaintiff allowed to appeal *in forma pauperis.* The record was filed in this Court 16 March, 1928, and the case called for argument 3 April, upon the call of the docket from the Eleventh District, the district to which it belongs. No brief has been filed by plaintiff, appellant, but we are referred in one of his assignments of error to a brief filed in the Superior Court, and invited to examine the authorities cited therein. It does not appear that the appellees are even aware of the presence of the case on our docket, as they have filed no brief and lodged no motion to dismiss the appeal.

It seems that the appellant has allowed the case to take its course "like a log floating down a stream" since it was docketed here, and, as all who are acquainted with our rules would expect, it has now "crossed the bar and is drifting out to sea," *i. e.,* the appeal is dismissed.

We have said in a number of cases that a lawsuit is a serious matter and should be given such attention as a prudent man gives to his important business. *Lumber Co. v. Chair Co.,* 190 N. C., 437, 130 S. E., 12. "When a man has a case in court, the best thing he can do is to attend to it"—*Clark, C. J.,* in *Pepper v. Clegg,* 132 N. C., 312, 43 S. E., 906.

The rules governing appeals in the Supreme Court are mandatory and not directory. They may not be abrogated or set at naught (1) by act of the Legislature, (2) by order of the judge of the Superior Court, (3) by consent of litigants or counsel. *S. v. Crowder, ante,* 335. The Court has not only found it necessary to adopt them, but equally imperative to enforce them and to enforce them uniformly. *Waller v. Dudley,* 193 N. C., 354, 137 S. E., 149.

For the convenience of litigants, counsel and the Court, a fixed schedule is arranged for each term of the Court and a time set apart for the call of the docket from each of the judicial districts of the State. The calls are made in the order in which the districts are numbered.

It can readily be seen, therefore, that, unless appeals are ready for argument at the time allotted to the district from which they come, a disarrangement of the calendar necessarily follows, and this often results in delay and not infrequently in serious inconvenience. The work of the Court is constantly increasing, and, if it is to keep up with its docket, an orderly procedure, marked by a due observance of the rules, must be maintained. *Womble v. Gin Co.,* 194 N. C., 577. When litigants resort to the judiciary for the settlement of their disputes, they are invoking a public agency, and they should not forget that rules of procedure are necessary, and must be observed, in order to enable the courts properly to discharge their duties. *Battle v. Mercer,* 188 N. C., 116, 123 S. E.; 258.

Speaking to a similar situation in *Estes v. Rash,* 170 N. C., 341, 87 S. E., 109, *Walker, J.,* delivering the opinion of the Court, said: "So it follows that we would affirm the judgment should we consider the case upon the legal merits involved in the motion, but we must dismiss the appeal for noncompliance with the recent rule of this Court requiring the clerk to notify all those who appeal *in forma pauperis,* when docketing appeals, to file six typewritten copies of the record, including case on appeal and briefs, for the use of the clerk and the judges of this Court. We have found it necessary to adopt this rule in order that we may intelligently transact the business of the Court, by a fair understanding of the case as the argument of counsel proceeds. All briefs of appellants should be prefaced by a clear and concise statement, showing the nature of the case and the facts bearing upon the assignments of error. The rule of this Court positively *requires* this to be done, and we again direct attention to it, as it has not been observed in many cases, and it must be complied with. A brief not containing such a statement does not conform to the rule, and hereafter the latter will be strictly enforced, as a compliance with it is so essential in the hearing of causes, and is quite indispensable. This applies to all appeals. Recently we have adopted a rule in regard to filing copies of records and briefs in pauper appeals of which parties and their counsel will take notice, without any special warning from the clerk. There must be, under this rule, six copies each of the record and the appellant's brief. The clerk has informed us that appellant in this case had received notice of the rule, and, not having complied with it, we dismiss the appeal."

For like reason, and on authority of the *Estes case,* the present appeal must be dismissed.

Appeal dismissed.