JAMES R. PENTUFF v. JOHN A. PARK, O. J. COFFIN AND TIMES PUBLISHING COMPANY.

(Filed 9 May, 1928.)

**Appeal and Error—Requisites and Proceedings for Appeal—Rules of Court.**

Where the appellant has failed to have his case docketed in time under Rule 5 of the Supreme Court (192 N. C., 841), in order to preserve his appeal it is required that he file an application for a *certiorari,* addressed to the discretion of the Supreme Court, and show a good and sufficient reason for the granting of his motion therefor; and the mere fact that the term of Superior Court extended beyond the time of the convening of

39—195

the Supreme Court does not prevent the case from being docketed and heard at that term, the time of the judgment appealed from being considered under the provisions of our statute as the first day of the term at which it was tried. C. S., 613.

APPEAL by plaintiff from *Finley, J.,* at August Term, 1927, of CABARRUS.

Civil action for libel, tried at the August Term, 1927, Cabarrus Superior Court, upon issues raised by the pleadings, which resulted in a verdict and judgment for the defendants, from which the plaintiff appeals, assigning errors.

Upon the call of the docket from the district to which the case belongs, there was a motion by defendants to dismiss the appeal for failure to prosecute same as required by the Rules of Practice in the Supreme Court. This motion was allowed.

The plaintiff then moved to reinstate the appeal for cause set out in the motion.

*Zeb. V. Turlington and Caldwell & Caldwell for plaintiff.*
*Albert L. Cox and A. L. Purrington, Jr., for defendants.*

STACY, C. J. This was a civil action tried at the August Term, 1927, Cabarrus Superior Court, which was a three weeks term, commencing 15 August and ending 3 September. The case was tried during the first week of the term and resulted in a verdict and judgment for the defendants. Judgment was signed 27 August, 1927. The plaintiff gave notice of appeal to the Supreme Court, and was allowed 50 days within which to prepare and serve statement of case on appeal, while the defendants were allowed 30 days thereafter to file exceptions or counter statement of case. There was no application for a *certiorari* at the Fall Term, 1927, of this Court, the next succeeding term commencing after the rendition of the judgment in the Superior Court, and the term to which the appeal should have been brought.

True, the August Term of Cabarrus Superior Court at which the case was tried did not adjourn until after the commencement of the Fall Term of this Court on 29 August, 1927. But under C. S., 613 "judgments rendered in any county by the Superior Court, during a term of the court, and docketed during the same term, or within ten days thereafter, are held and deemed to have been rendered and docketed on the first day of said term." Rule 5 of the Rules of Practice in the Supreme Court (192 N. C., p. 841) provides, among other things, that the transcript of record on appeal from a judgment "rendered before the commencement of a term of this Court" must be brought to such term, the next succeeding term, and docketed here 14 days before entering upon

the call of the district to which the case belongs, with the proviso that appeals in civil cases (but otherwise in criminal cases) from the First, Second, Third and Fourth districts, tried between the first day of January and the first Monday in February, or between the first day of August and the fourth Monday in August, are not required to be docketed at the immediately succeeding term of this Court, though if docketed in time for hearing at said first term, the appeal will stand regularly for argument.

The single modification of this requirement, sanctioned by the decisions, is, that where, from lack of sufficient time or other cogent reason, the case is not ready for hearing, it is permissible for the appellant, within the time prescribed, to docket the record proper and move for a *certiorari,* which motion may be allowed by the Court in its discretion, on sufficient showing made, but such writ is not one to which the moving party is entitled as a matter of right.

Indeed, if the record and transcript are not docketed here at the proper time and no *certiorari* is allowed, the court below, on proof of such facts, may, on proper notice, adjudge that the appeal has been abandoned, and proceed in the cause as if no appeal had been taken. *Dunbar v. Tobacco Growers,* 190 N. C., 608, 130 S. E., 505; *Jordan v. Simmons,* 175 N. C., p. 540, 95 S. E., 919; *Avery v. Pritchard,* 93 N. C., 266.

We have held in a number of cases that the rules of this Court, governing appeals, are mandatory and not directory. They may not be disregarded or set at naught (1) by act of the Legislature, (2) by order of the judge of the Superior Court, (3) by consent of litigants or counsel. The Court has not only found it necessary to adopt them but equally necessary to enforce them and to enforce them uniformly.

On facts identical in principle with those appearing on the present record, the appeal in the case of *Stone v. Ledbetter,* 191 N. C., 777, 133 S. E., 162, was dismissed *ex mero motu.* For a similar reason, the motion, lodged by the defendants, to dismiss the appeal in the instant case was allowed. This ruling is further supported, either directly or in tendency, by the following recent authorities: *Covington v. Hosiery Mills, ante,* 478; *S. v. Crowder, ante,* 335; *S. v. Taylor,* 194 N. C., 738; *S. v. Angel,* 194 N. C., 715; *Womble v. Gin Co.,* 194 N. C., 577; *Waller v. Dudley,* 193 N. C., 354, 137 S. E., 149; *Trust Co. v. Parks,* 191 N. C., 263, 131 S. E., 637; *Finch v. Comrs.,* 190 N. C., 154, 129 S. E., 195; *S. v. Farmer,* 188 N. C., 243, 124 S. E., 562; *S. v. Surety Co.,* 192 N. C., 52, 133 S. E., 172.

No sufficient cause having been shown to warrant a reinstatement of the appeal, the motion to this effect must be denied.

Appeal dismissed.

Motion to reinstate disallowed.