## STATE v. MARTIN MOORE.

(Filed 23 September, 1936.)

**1. Criminal Law L e—**

An appeal from a judgment in a criminal prosecution must be taken to the term of the Supreme Court commencing next after the rendition of the judgment, and the appeal docketed fourteen days before the call of the district to which it belongs.

**2. Same—**

Where, from lack of time or for other cogent reason, a case is not ready for hearing in accordance with the Rules of Court, appellant may, within the time prescribed. file the record proper and move for *certiorari*, which motion is addressed to the discretion of the Court.

**3. Criminal Law L d—**

Where the record and transcript are not docketed in the Supreme Court at the proper time, and no *certiorari* is allowed, the Superior Court, on proper notice, may adjudge the appeal abandoned on proof of such facts.

**4. Criminal Law L e—**

An order of the Superior Court enlarging the time for serving statement of case on appeal and exceptions thereto or countercase, C. S., 643, as amended by ch. 97, Public Laws of 1921, does not affect the Rules of Court prescribing the term to which the appeal must be taken and the time within which the appeal must be docketed.

**5. Same—**

The Rules of Court governing appeals are mandatory and must be uniformly enforced, and they may not be set at naught by act of the Legislature, order of the Superior Court, or by consent of litigants or counsel.

**6. Same—Motion for certiorari allowed under the facts of this case.**

Defendant, convicted of a capital crime at a term of court commencing two weeks before the next succeeding term of the Supreme Court, failed to docket his appeal within the time prescribed or to docket the record proper and move for *certiorari*. The State moved to dismiss, and defend-

ant entered a counter-motion for *certiorari*. *Held:* Although the appeal is subject to dismissal under the Rules of Court, the State's motion is held in abeyance and defendant's motion for *certiorari* allowed, since the life of defendant is at stake.

MOTION by State to docket and dismiss appeal.

Counter-motion by defendant for *certiorari* to have case brought up from Buncombe Superior Court and heard on appeal.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Sanford W. Brown for defendant.*

STACY, C. J. At the August Term, 1936, of Buncombe Superior Court, which convened 17 August, the defendant herein, Martin Moore, was tried upon indictment charging him with the murder of one Helen Clevenger, which resulted in a conviction of murder in the first degree and sentence of death. From the judgment thus entered, the defendant gave notice of appeal to the Supreme Court, and by consent was allowed 45 days within which to make out and serve his statement of case on appeal, and the solicitor was given 30 days thereafter to prepare and file exceptions or countercase.

The Fall Term of this court commenced 31 August, and the call of the docket from the Nineteenth District, the district to which the appeal belongs, was scheduled for Wednesday, 9 September.

Observing that no appeal bond had been filed (Rule 6, sec. 1), that no application had been made by the defendant to appeal *in forma pauperis* (*S. v. Stafford*, 203 N. C., 601, 166 S. E., 734), and that the record proper had not been docketed as a basis for motion for *certiorari* to preserve the right of appeal as required by the rules (*S. v. McLeod*, 209 N. C., 54, 182 S. E., 713; *S. v. Harris*, 199 N. C., 377, 154 S. E., 628), the Attorney-General of the State and the solicitor of the district, on 5 September, supererogatorily notified counsel for defendant that motion to docket and dismiss the appeal would be made on 9 September, which was done. On the following day, 10 September, counsel for defendant appeared and moved for *certiorari*.

Under the settled rules of procedure, an appeal from a judgment rendered prior to the commencement of a term of the Supreme Court must be brought to the next succeeding term; and, to provide for a hearing in regular order, it is required that the appeal shall be docketed here fourteen days before entering upon the call of the district to which it belongs, with the proviso that appeals in civil cases (but not so in criminal cases) from the First, Second, Nineteenth, and Twentieth Districts, tried between the first day of January and the first Monday in

February, or between the first day of August and the fourth Monday in August, are not required to be docketed at the immediately succeeding term of this Court, though if docketed in time for hearing at said first term, the appeal will stand regularly for argument. Rule 5, Vol. 200, p. 816, as amended, Vol. 203, p. 856; *S. v. Trull,* 169 N. C., 363, 85 S. E., 133.

The single modification of this requirement, sanctioned by the decisions, is, that where, from lack of sufficient time or other cogent reason, the case is not ready for hearing, it is permissible for the appellant, within the time prescribed, to docket the record proper and move for a *certiorari,* which motion may be allowed by the Court in its discretion, on sufficient showing (*S. v. Angel,* 194 N. C., 715, 140 S. E., 727), but such writ is not one to which the moving party is entitled as a matter of right. *S. v. Farmer,* 188 N. C., 243, 124 S. E., 562. The issuance of a writ of *certiorari,* however, does not perforce change the time already fixed by agreement of the parties, or by order of court, for serving statement of case on appeal, and exceptions or countercase. *Smith v. Smith,* 199 N. C., 463, 154 S. E., 737.

If the record and transcript are not docketed here at the proper time and no *certiorari* is allowed, the court below, on proof of such facts, may, on proper notice, adjudge that the appeal has been abandoned, and proceed in the cause as if no appeal had been taken. *S. v. Taylor,* 194 N. C., 738, 140 S. E., 728; *Dunbar v. Tobacco Growers,* 190 N. C., 608, 130 S. E., 505; *Jordan v. Simmons,* 175 N. C., p. 540, 95 S. E., 919; *Avery v. Pritchard,* 93 N. C., 266.

Nor is the situation bettered when the time for serving statement of case on appeal and exceptions thereto or counter-statement of case is enlarged by order of the judge trying the case as he is authorized, in his discretion, under C. S., 643, as amended by chapter 97, Public Laws 1921, to do, for this statute gives him no more authority to abrogate the rules of the Supreme Court than litigants or counsel would have to impinge upon them by consent or agreement. *Waller v. Dudley,* 193 N. C., 354, 137 S. E., 149; *Cooper v. Comrs.,* 184 N. C., 615, 113 S. E., 569.

We have held in a number of cases that the rules of this Court, governing appeals, are mandatory and not directory. *Calvert v. Carstarphen,* 133 N. C., 25, 45 S. E., 353. They may not be disregarded or set at naught (1) by act of the Legislature (*Cooper v. Comrs., supra*), (2) by order of the judge of the Superior Court (*Waller v. Dudley, supra*), (3) by consent of litigants or counsel. *S. v. Farmer, supra.* The Court has not only found it necessary to adopt them, but equally necessary to enforce them and to enforce them uniformly. *Womble v. Gin Co.,* 194 N. C., 577, 140 S. E., 230. See *Porter v. R. R.,* 106 N. C., 478, 11 S. E., 515, for summary of the decisions.

In the case at bar, the defendant's appeal was due to be heard, or the Court informed as to why it was not ready for hearing, at the call of the Nineteenth District, which was on 9 September. The motion of the Attorney-General, therefore, is well advised and is supported by numerous authorities. *S. v. Crowder,* 195 N. C., 335, 142 S. E., 222; *S. v. Trull, supra; Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126; *Penluff v. Park,* 195 N. C., 609, 143 S. E., 139; *Womble v. Gin Co., supra; Trust Co. v. Parks,* 191 N. C., 263, 131 S. E., 637; *Finch v. Comrs.,* 190 N. C., 154, 129 S. E., 195.

On the other hand, the defendant's life is at stake; he shows merit; and while he offers little or no excuse for his laches, still we are disposed to hold the State's motion in abeyance, and to grant him his writ. This will issue, and the cause will be set for hearing, tentatively at least, at the end of the call of the Seventh District at the present term.

*Certiorari* allowed.