## STATE v. EMPIE BALDWIN.

(Filed 25 May, 1938.)

**Criminal Law §§ 73a, 80—Appeal in this case dismissed for failure of defendant to serve statement of case on appeal within time allowed.**

When defendant, convicted of a capital crime, gives notice of appeal, but it appears from certificate of the clerk after expiration of the time allowed for service of statement of case on appeal, that nothing has been done toward perfecting the appeal, the motion of the Attorney-General to docket and dismiss will be allowed, nothing appearing on the face of the record to defeat the motion.

SEAWELL, J., took no part in the consideration or decision of this case.

MOTION by State to docket and dismiss appeal.

*Attorney-General McMullan for the State.*

STACY, C. J. At the January Term, 1938, Columbus Superior Court, the defendant Empie Baldwin, *alias* Eppie Baldwin, was tried upon an indictment charging him with rape, which resulted in conviction of the capital felony and sentence of death. From this judgment, the defendant gave notice of appeal and was allowed the statutory time to serve statement of case, which time has expired, and the clerk certifies "that nothing has been done towards perfecting the appeal, and the time for statement of case has expired." *S. v. Watson,* 208 N. C., 70, 179 S. E., 455. Accordingly, the Attorney-General has moved to docket and dismiss the appeal under Rule 17, as the case was due to be heard on Tuesday, 3 May, 1938, at the call of the docket from the Eighth District, the district to which the appeal belongs. *S. v. Moore,* 210 N. C., 459, 187 S. E., 586. Nothing appears on the face of the record to defeat the motion, hence it must be regarded as well taken and allowed. *S. v. Robinson,* 212 N. C., 536.

Judgment affirmed. Appeal dismissed.

SEAWELL, J., took no part in the consideration or decision of this case.