### STATE v. R. S. PRESNELL.

(Filed 27 February, 1946.)

**Criminal Law § 75—**

> When a case is not docketed within the time prescribed, Rule 5, and no application for writ of *certiorari* is made, the appeal will be dismissed, the Rules of Practice in the Supreme Court being mandatory and not directory.

APPEAL by defendant from *Warlick, J.,* at August Term, 1945, of BUNCOMBE.

The defendant, a citizen and resident of Caldwell County, was indicted in Buncombe County for selling butter in said county, which the warrant charged weighed less than represented, in violation of G. S., 81-17. The

defendant interposed a plea in abatement on the ground that if the statute had been violated the offense occurred in Caldwell and not in Buncombe County. The plea was denied. Defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*
*W. H. Strickland for defendant.*

PER CURIAM. This appeal was due to be heard at the call of the Nineteenth District, on 4 September, 1945. Rule 5 of the Rules of Practice in the Supreme Court, 221 N. C., 546. Counsel cannot waive this rule. The rules of this Court are mandatory, and not directory. *S. v. Moore,* 210 N. C., 459, 187 S. E., 586.

The rules of practice governing the time for docketing appeals in the Supreme Court, or for applying for a writ of *certiorari,* where the case on appeal, for some cogent reason cannot be docketed within the time prescribed by the rules, has been uniformly enforced since the decision in *S. v. Farmer,* 188 N. C., 243, 124 S. E., 562. See also *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126.

Appeal dismissed.