### STATE v. JAMES R. WALKER, JR.

(Filed 20 March, 1957.)

**Criminal Law § 74—**

> Where an appeal in a criminal case is not docketed during the next succeeding term of the Supreme Court as required by Rule 5 of the Rules of Practice in the Supreme Court, and defendant does not docket the record proper and move for *certiorari* before the expiration of the time allowed, the appeal must be dismissed, notwithstanding any order of the trial judge extending the time for settling case on appeal.

APPEAL by defendant from *Stevens, J.,* August Term 1956 of NORTH÷
AMPTON.

The defendant was tried and convicted upon an indictment charging
him with an assault upon a female, he being a male person over 18
years of age, and from the judgment imposed he appeals, assigning
error.

*Attorney-General Patton and Assistant Attorney-General McGal-
liard for the State.*
*Taylor & Mitchell for defendant.*

DENNY, J.  This case was tried at the August Term 1956 of the
Superior Court of Northampton County.  The defendant was allowed
60 days by the judge in which to serve cas ; on appeal and the State 30
days thereafter to serve exceptions or cou ;ercase.  The State accepted
service of the case on appeal on 5 Octobe  1956.  It was stipulated on
19 November 1956, by and between the so  citor for the State and coun-
sel for the defendant, that the statemen( of the case as served shall
constitute the case on appeal.  The case on appeal was not docketed
in this Court until 18 January 1957.

Rule 5 of the Rules of Practice in the Supreme Court (221 N.C. 546,
as amended in 233 N.C. 749, in 242 N.C. 766, and in Appendix, Advance
Sheets No. IV, Volume 245, issued 18 February 1957), provides among
other things, that the transcript of the record on appeal from a judg-
ment "rendered before the commencement of a term of this Court" must
be brought to the next succeeding term and docketed at such term 21
days before entering upon the call of the docket of the district to which
it belongs, with the proviso that appeals in civil cases (but otherwise
in criminal cases) from the First, Second, Third, Fourth, Fifth, Sixth,
Twenty-seventh, Twenty-eighth, Twenty-ninth and Thirtieth Districts,
tried between the first day of January and the first Monday in Febru-
ary, or between the first day of August and the fourth Monday in
August, are not required to be docketed at the immediately succeeding
term of this Court, though if docketed in time for hearing at said first
term, the appeal will stand for argument in its order.

As pointed out in *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126, by
*Stacy, C. J.,* "The single modification of this requirement, sanctioned
by the decisions is, that where, from lack of sufficient time or other
cogent reason, the case is not ready for hearing, it is permissible for the
appellant, within the time prescribed, to docket the record proper and
move for a *certiorari,* which motion may be allowed by the Court in its
discretion, on sufficient showing made, but such writ is not one to which
the moving party is entitled as a matter of right.  The issuance of a
writ of *certiorari,* however, does not change the time already fixed by

agreement of the parties, or by order of court, for serving statement of case on appeal, and exceptions or countercase."

Under Rule 5, as amended, all criminal cases from the above named districts which are tried between the first day of January and the first Monday in February, and between the first day of August and the fourth Monday in August, must be docketed within 45 days from the last day of the term at which the respective cases were tried. The defendant, not having docketed his case on appeal within the time prescribed by Rule 5, as amended, nor having docketed the record proper and moved for a writ of *certiorari* before the expiration of time now allowed for docketing criminal appeals from the above designated districts, tried during a period set forth above, the case is subject to dismissal either upon motion of the Attorney-General or *ex mero motu* by the Court. *Stone v. Ledbetter,* 191 N.C. 777, 133 S.E. 162.

It clearly appears from the record in this case that the trial was concluded on Wednesday, 8 August 1956. The case was not required to be docketed in this Court until 28 August 1956, for hearing at the call of the docket of the Sixth District on Tuesday, 18 September 1956, if the additional time allowed by the amendment to Rule 5, published in Appendix, Advance Sheets IV, Volume 245, is disregarded.

It is further said in *Pruitt v. Wood, supra, that* "We have held in a number of cases that the rules of this Court, governing appeals, are mandatory and not directory. *Calvert v. Carstarphen,* 133 N.C. 25, 45 S.E. 353. They may not be disregarded or set at naught (1) by act of the Legislature (*Cooper v. Commissioners,* 184 N.C. 615, 113 S.E. 569), (2) by order of the judge of the Superior Court (*Waller v. Dudley,* 193 N.C. 354, 137 S.E. 149), (3) by consent of litigants or counsel. *S. v. Farmer,* 188 N.C. 243, 124 S.E. 562. The Court has not only found it necessary to adopt them, but equally necessary to enforce them and to enforce them uniformly. *Womble v. Gin Co.,* 194 N.C. 577, 140 S.E. 230."

When by consent of the appellant, or by order of the judge, such a long extension of time is granted for settling case on appeal, so as to put it beyond the power of appellant to have the case ready for hearing, as required by the Rules, the appellant runs the risk of losing his right of appeal. In such instances, unless the appellant gets his appeal docketed in time, as required by the Rules of the Court, notwithstanding the time allowed, or dockets the record proper and moves for a writ of *certiorari,* as pointed out hereinabove, the right of appeal will be lost. The appellant in this case did neither one. Consequently, he has lost his right of appeal. The following cases support the conclusion we have reached: *S. v. Scriven,* 232 N.C. 198, 59 S.E. 2d 428; *S. v. Lampkin,* 227 N.C. 620, 44 S.E. 2d 30; *S. v. Harrell,* 226 N.C. 743, 40 S.E. 2d 205; *S. v. Moore,* 210 N.C. 459, 187 S.E. 586; *Pruitt v. Wood, supra; Pentuff*

*v. Park,* 195 N.C. 609, 143 S.E. 139; *S. v. Crowder,* 195 N.C. 335, 142 S.E. 222; *S. v. Surety Co.,* 192 N.C. 52, 133 S.E. 172; *Stone v. Ledbetter, supra; S. v. Butner,* 185 N.C. 731, 117 S.E. 163; *S. v. Johnson,* 183 N.C. 730, 110 S.E. 782; *S. v. Barksdale,* 183 N.C. 785, 111 S.E. 711, and *S. v. Trull,* 169 N.C. 363, 85 S.E. 133.

Appeal dismissed.