## STATE v. BOOKER T. WATSON.

(Filed 20 March, 1935.)

1. **Criminal Law L a—When case on appeal is not served within time allowed the appeal must be dismissed on motion of Attorney-General.**

    When appellant in a criminal case fails to make out and serve his statement of case on appeal within the statutory time, no extension of time being asked or granted, he loses his right to do so, and the appeal must be dismissed on motion of the Attorney-General, but where the life of the prisoner is involved this will be done only after an inspection of the record for errors appearing upon its face.

2. **Same—Clerk of Superior Court should notify Attorney-General of appeal and of any extension of time for perfecting same.**

    Where an appeal is taken in a criminal case and the execution of the judgment stayed under C. S., 4654, the clerk of the Superior Court is required to notify the Attorney-General of the appeal, and, if the statutory time for perfecting the appeal is extended, he should notify him of such extension.

3. **Same—Where defendant fails to docket his appeal within time prescribed, clerk of Superior Court should certify facts to Attorney-General.**

    Where execution is stayed in a criminal case under C. S., 4654, but the defendant fails to docket his appeal within the time prescribed by Rule 5 of the Rules of Practice in the Supreme Court, the clerk of the Superior Court, in order that the Attorney-General may move to docket and dismiss the appeal, should certify to him the day the court convened, the name of the presiding judge, the organization and action of the grand jury, the indictment in full, the impaneling and action of the trial jury, the judgment, the appeal entries, and the facts constituting abandonment of the appeal, or failure to prosecute it.

MOTION by State to docket and dismiss appeal.

STATE *v.* WATSON.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

STACY, C. J.   At the August Criminal Term, 1934, Nash Superior Court, the defendant herein, Booker T. Watson, was tried upon indictment charging him with the murder of one Hines B. Williams, which resulted in a conviction of murder in the first degree and sentence of death.   From the judgment thus entered, the defendant gave notice of appeal to the Supreme Court.   The clerk certifies that nothing has been done towards perfecting the appeal, and the time for serving statement of case has expired.   *S. v. Brown,* 206 N. C., 747, 175 S. E., 116.   No bond was required, as the defendant was granted the privilege of appealing *in forma pauperis.*   *S. v. Stafford,* 203 N. C., 601, 166 S. E., 734.

The prisoner, having failed to make out and serve statement of case on appeal within the statutory period, or the time extended (no extension of time was asked or granted), has lost his right to prosecute the appeal, and the motion of the Attorney-General to docket and dismiss must be allowed.   *S. v. Johnson,* 205 N. C., 610, 172 S. E., 219.   It is customary, however, in capital cases, where the life of the prisoner is involved, to examine the record to see that no error appears upon its face.   *S. v. Goldston,* 201 N. C., 89, 158 S. E., 926.   This we have done in the instant case without discovering any error on the face of the record.   *S. v. Hamlet,* 206 N. C., 568, 174 S. E., 451.

When an appeal is taken in a criminal prosecution and execution of the judgment stayed, as provided by C. S., 4654, it is required of the clerk of the Superior Court that he notify the Attorney-General of the appeal, and, if the statutory time for perfecting the appeal has been extended, this fact should be brought to his attention.   *S. v. Etheridge,* 207 N. C., 801.

Even though execution of the judgment is stayed, unless the defendant shall proceed further and docket the appeal within the time prescribed by Rule 5 of the Rules of Practice in the Supreme Court, the clerk of the Superior Court wherein the case was tried should certify the facts to the Attorney-General of the State, to the end that he may move to docket and dismiss the appeal under Rule 17.   *S. v. Hooker,* 207 N. C., 648; *S. v. Lea,* 203 N. C., 316, 166 S. E., 292.   This certificate ought to show: 1. The day on which the court convened.   2. The name of the judge who presided.   3. Organization and action of the grand jury.   4. The indictment (set out in full).   5. The impaneling and action of the petit jury.   (The verdict should be copied *ipsissimis verbis.*)   6. The judgment.   7. Appeal entries.   8. Facts constituting abandonment of the appeal, or failure to prosecute it.

Appeal dismissed.