STATE v. JIM MOORE.

(Filed 29 November, 1939.)

**1. Criminal Law § 80—**

When defendant fails to make out and serve his statement of case on appeal within the time allowed, no agreement for extension of time having been made, the motion of the Attorney-General to docket and dismiss will be allowed, Rule of Practice in the Supreme Court, No. 17, but when defendant stands convicted of a capital crime this will be done only when no error is apparent on the face of the record.

**2. Criminal Law § 76—**

Defendant's application for *certiorari* denied on authority of *S. v. Moore,* 210 N. C., 686, and *held further*, the solicitor having refused to grant an extension of time to defendant to file his statement of case on appeal, and the time allowed therefor by the Court having expired, *certiorari* could not help defendant.

MOTION by State to docket and dismiss appeal. Application by defendant for *certiorari.*

*Attorney-General McMullan for the State.*
*John J. Best for defendant.*

STACY, C. J. At the July Term, 1939, Pender Superior Court, the defendant herein, Jim Moore, was tried upon indictment charging him with the murder of one John Robert Fennell, *alias* John Robert Findle, *alias* John Robert Mims, which resulted in a conviction of "First Degree

Murder as charged in the bill of indictment," and sentence of death as the law commands upon such verdict.

From the judgment thus entered, the defendant gave notice of appeal to the Supreme Court and was allowed 40 days from 20 July, 1939, to make up and serve his statement of case on appeal, and the solicitor was given the "same period of time to serve countercase." The clerk certifies that the "appeal was not perfected within the time allowed by the Court, nor fourteen days before the call of the district."

The time for serving statement of case on appeal has expired. *S. v. Watson,* 208 N. C., 70, 179 S. E., 455. No bond was required as the defendant was allowed to appeal *in forma pauperis,* albeit the order to this effect seems to have been made without supporting affidavit as required by C. S., 4651. *S. v. Stafford,* 203 N. C., 601, 166 S. E., 734.

In the absence of any apparent error, which the record now before us fails to disclose, the motion of the Attorney-General to docket and dismiss under Rule 17 will be allowed.

The defendant's application for *certiorari* must be denied on authority of *S. v. Moore,* 210 N. C., 686, 188 S. E., 421. He applied to the solicitor for an extension of time before it expired, but this was not granted. *Certiorari* would not help him in the circumstances. *Smith v. Smith,* 199 N. C., 463, 154 S. E., 737.

*Certiorari* denied.

Judgment affirmed. Appeal dismissed.