### STATE v. ZEB PAGE.

(Filed 20 March, 1940.)

**Criminal Law § 80—Appeal dismissed for failure of defendant to prosecute same.**

> Defendant was convicted of a capital felony and was allowed to appeal *in forma pauperis.* Upon certificate of the clerk that nothing has been done towards perfecting the appeal and that the time for filing it has expired, and his statement in the certificate that he is informed by counsel that they do not intend to prosecute the appeal, the appeal is dismissed upon motion of the Attorney-General, there being no apparent error on the face of the record proper. Rule of Practice in the Supreme Court, No. 17.

MOTION by State to docket and dismiss appeal.

*Attorney-General McMullan for the State.*

STACY, C. J. At the December Term, 1939, Johnston Superior Court, the defendant herein, Zeb Page, was tried upon indictment charging him with rape, which resulted in a conviction of the capital offense, and sentence of death as the law commands on such verdicts.

From the judgment thus entered, the defendant gave notice of appeal and was allowed to prosecute same *in forma pauperis.* The clerk certifies that nothing has been done towards perfecting the appeal and that the time for filing it has expired. He further states in his certificate that he is informed by counsel they do not intend to prosecute the appeal. *S. v. Stovall,* 214 N. C., 695, 200 S. E., 426.

In the absence of any apparent error, which the record now before us fails to disclose, the motion of the Attorney-General to docket and dismiss under Rule 17 will be allowed. *S. v. Moore,* 216 N. C., 543.

Judgment affirmed. Appeal dismissed.