### STATE v. CHARLIE SHAW.

(Filed 18 March, 1942.)

**Criminal Law § 80—**

When defendant fails to serve his statement of case on appeal within the time allowed, the motion of the Attorney-General to docket and dismiss will be granted, but when the defendant has been convicted of a capital felony this will be done only after inspection of the record fails to disclose error.

MOTION by State to docket case, affirm judgment, and dismiss appeal.

*Attorney-General McMullan for the State.*

PER CURIAM. The defendant, Charlie Shaw, was tried at September Term, 1941, of the Superior Court of Currituck County, before J. Paul Frizzelle, Judge, and a jury, upon two bills of indictment, the first charging burglary in the first degree and the second charging rape, which were consolidated for the purpose of trial, and defendant was found guilty on both charges—that is, of burglary in the first degree and of rape. The defendant was sentenced to death by asphyxiation.

From this judgment defendant appealed and was given sixty days in which to serve his case on appeal.

Defendant failed to serve the case on appeal or otherwise to perfect his appeal, and the time therefor having expired, the Attorney-General caused the record proper to be docketed in this Court with certificate of the Clerk of the Superior Court of Currituck County, setting forth the failure of the defendant to perfect his appeal and that no case on appeal had been filed in that court and that the time therefor had expired. The said clerk further certifies that he "has inquired of counsel for the defendant and has been informed by him that he does not intend to perfect the appeal."

Thereupon the Attorney-General moved that the defendant's appeal be dismissed.

We have carefully examined the record in the case as filed here and find no error therein. The motion is therefore allowed and the appeal

is dismissed, and the judgment of the court below is affirmed. *S. v. Watson,* 208 N. C., 70, 179 S. E., 455.

Judgment affirmed. Appeal dismissed.