STATE v. HARVEY WILFONG.

(Filed 24 March, 1943.)

**Criminal Law § 80—**

The defendant having failed to prosecute his appeal, the motion of the Attorney-General to docket and dismiss is allowed. However, pursuant to custom in capital cases, the Supreme Court has examined the record for errors upon its face, and finds none. Rule 17 of Rules of Practice in the Supreme Court.

MOTION by State to docket and dismiss appeal.

*Attorney-General McMullan and Assistant Attorney-General Patton for the State.*

STACY, C. J. At the September Special Term, 1942, Catawba Superior Court, the defendant herein, Harvey Wilfong, was tried upon indictment charging him with the capital offense of arson, which resulted in a verdict "Guilty of the capital offense of arson as charged in the bill of indictment," and sentence of death as the law commands on such conviction. C. S., 4238.

From the judgment thus entered, the defendant gave notice of appeal to the Supreme Court and was allowed the statutory time to make up and serve his statement of case on appeal, and the solicitor was allowed the statutory period thereafter to prepare and serve exceptions or countercase. Appeal bond was fixed at $100. The record fails to show that any was given.

The clerk certifies that "the said Harvey Wilfong has not filed in this office any statement of his case on appeal and I am informed by his counsel that he does not intend to do so, and the time for serving statement of case on appeal has expired."

Hence, in the absence of error, which the record now before us fails to disclose, the motion of the Attorney-General to docket and dismiss the appeal under Rule 17 must be allowed. *S. v. Morrow,* 220 N. C., 441, 17 S. E. (2d), 507; *S. v. Watson,* 208 N. C., 70, 179 S. E., 455.

Judgment affirmed. Appeal dismissed.