### STATE v. WILLIAM HENRY POOLE.

(Filed 22 September, 1943.)

**Criminal Law § 80—**

> In a capital case, where the time for bringing up the case on appeal has expired, in the absence of any apparent error in the record before the court, the motion of the Attorney-General to docket and dismiss, under Rule 17, is allowed.

MOTION by State to docket and dismiss appeal.

*Attorney-General McMullan and Assistant Attorney-General Patton for the State.*

STACY, C. J. At the February Term, 1943, Pasquotank Superior Court, the defendant herein, William H. Poole, was tried upon indictment charging him with the murder of one Andrew Jackson Sawyer, which resulted in a conviction of "murder in the first degree," and sentence of death as the law commands on such verdict.

From the judgment thus entered, the defendant gave notice of appeal to the Supreme Court. The clerk certifies that "no case on appeal has been filed in my office and there has been no request for transcript of the record either by the defendant or his counsel, and therefore the appeal has not been perfected."

BATTLE *v*. R. R.

The time for bringing up the case on appeal has expired, and in the absence of any apparent error, which the record now before us fails to disclose, the motion of the Attorney-General to docket and dismiss the appeal under Rule 17 must be allowed. *S. v. Morrow*, 220 N. C., 441, 17 S. E. (2d), 507; *S. v. Watson*, 208 N. C., 70, 179 S. E., 455.

Judgment affirmed. Appeal dismissed.