## STATE v. ROBERT L. NASH.

(Filed 16 October, 1946.)

**Criminal Law § 80b—**

> Where a defendant convicted of a capital felony fails to file case on appeal in the Superior Court or give appeal bond as fixed, the motion of the Attorney-General to docket and dismiss, made after expiration of the time agreed for perfecting the appeal, will be allowed after an inspection of the record proper fails to disclose error.

MOTION by State to docket case, affirm judgment, and dismiss appeal.

*Attorney-General McMullan and Assistant Attorney-General. Moody for the State.*

STACY, C. J.   At the May Term, 1946, Wake Superior Court, before Grady, Emergency Judge, the defendant herein, Robert L. Nash, was tried upon indictment charging him with the murder of one Margie Parker, which resulted in conviction of murder in the first degree and sentence of death as the law commands on such conviction.   G. S., 14-17.

From the judgment thus entered, the defendant gave notice of appeal to the Supreme Court and was allowed 60 days to make up and serve his statement of case on appeal, and the solicitor was allowed 30 days thereafter to prepare and serve exceptions or countercase.   Appeal bond was fixed at $50.   The record fails to show that any was given.

The Clerk certifies that no case on appeal has been filed in his office; that "the time allowed . . . for filing same has expired"; and that "the Clerk has inquired of counsel for the defendant and has been informed by him that he does not intend to perfect the appeal."   The motion of the Attorney-General to docket and dismiss is supported by the record, and must be allowed.   *S. v. Watson,* 208 N. C., 70, 179 S. E., 455.

No error appears on the face of the record proper.   *S. v. Morrow,* 220 N. C., 441, 17 S. E. (2d), 507; *S. v. Brooks,* 224 N. C., 627, 31 S. E. (2d), 754.

Judgment affirmed.   Appeal dismissed.