STATE v. WOODROW EWING.

(Filed 18 December, 1946.)

**Criminal Law § 80b (4)—**

Where defendant fails to file statement of case on appeal within time allowed, the motion of the Attorney-General to docket and dismiss will be granted, but when defendant has been convicted of a capital felony, this will be done only after an inspection of the record fails to disclose error.

MOTION by State to docket case, affirm judgment, and dismiss appeal.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

STACY, C. J. At the March Term, 1946, Bladen Superior Court, before Williams, J., and a jury, the defendant herein, Woodrow Ewing, was prosecuted upon indictment charging him with the murder of one Carmell Louise Miller Ewing, which resulted in a verdict of "Guilty of First Degree Murder" and sentence of death as the law commands on such conviction. G. S., 14-17.

From the judgment of the law thus pronounced, the defendant gave notice of appeal to the Supreme Court and the statutory time was prescribed for serving statement of case on appeal and for preparing exceptions or countercase. No appeal bond was designated. The defendant was remanded to the custody of the sheriff.

The statutory time allowed for perfecting the appeal has expired, and the Clerk certifies that the "attorney appointed by the court to represent the defendant . . . has personally made it known to me that he would not perfect the appeal . . . to the Supreme Court." The motion of the Attorney-General to docket and dismiss is supported by the record, and will be allowed. *S. v. Nash,* 226 N. C., 609; *S. v. Watson,* 208 N. C., 70, 179 S. E., 455.

No error appears on the face of the record proper. *S. v. Brooks,* 224 N. C., 627, 31 S. E. (2d), 754; *S. v. Morrow,* 220 N. C., 441, 17 S. E. (2d), 507.

Judgment affirmed. Appeal dismissed.