### STATE v. ALBERT SANDERS AND JOSEPH MARVIN FARMER.

(Filed 21 May, 1947.)

**Criminal Law § 80b (4)—**

> Where writ of *certiorari* is allowed, but thereafter appellant fails to file case on appeal in the Superior Court, notwithstanding it had been settled by the trial judge, or docket same in the Supreme Court, and counsel for appellant advises that the appeal will not be perfected, the motion of the Attorney-General to docket the appeal and dismiss the writ of *certiorari* must be allowed, but in a capital case this will be done only after an examination of the record proper fails to disclose error.

MOTION by State to docket and dismiss appeal.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

PER CURIAM. At the December Term, 1946, Johnston County Superior Court, the defendants herein were tried upon indictment charging them with the murder of one Robert Mitchell. There was verdict of guilty of murder in the first degree as to both defendants. Sentence of death by asphyxiation was pronounced. From the judgment thus entered the defendants appealed. Thereafter they docketed the record proper and applied for a writ of *certiorari*. This Court, for the purpose of preserving defendants' right of appeal and to allow them time in which to have case on appeal settled and the cause docketed here, granted the writ 25 February 1947.

Since the granting of the writ no case on appeal has been docketed in this Court. Instead, counsel have written the clerk as follows: "This is to advise you and the Court that the appeal will not be perfected." Likewise, the Clerk of the Superior Court has certified to this Court that the appeal has not been perfected and no case on appeal has been filed in his office. It further appears that the trial judge officially settled the case on appeal, but counsel, for reasons satisfactory to them, did not file the case so settled in the office of the Clerk of the Superior Court.

The foregoing facts being made to appear to the Attorney-General, he moved to dismiss the appeal for failure to docket the same and that the *certiorari* heretofore issued be dismissed and the judgment below affirmed.

The motion of the Attorney-General must be allowed. Even so, this being a capital case, it is the custom of this Court to examine the record docketed to ascertain whether any error appears on the face thereof. This we have done, and we find no error therein. Therefore the writ of *certiorari* is dismissed and the judgment of the court below is affirmed. *S. v. Watson,* 208 N. C., 70, 179 S. E., 455; *S. v. Moody,* 222 N. C., 763, 24 S. E. (2d), 530.

Judgment affirmed.

Appeal dismissed.