STATE v. JETHRO LAMPKIN AND RICHARD McCAIN.

(Filed 17 September, 1947.)

**1. Criminal Law § 73a, 73b, 74—**

The rules governing appeals are mandatory and not directory and the time for settling a case on appeal cannot be extended beyond the term of the Supreme Court to which the appeal is required to be brought, whether by consent of counsel or by order of court or by consent of counsel with approval of the court, and an extension which runs counter to the rules governing appeals does not preserve or regain the right of appeal.

**2. Criminal Law § 80b (4)—**

Where defendants failed to make out and serve statement of case on appeal within the time available under the rules governing appeals, the motion of the Attorney-General to docket and dismiss must be allowed, but where defendants had been convicted of a capital felony and one of them files a purported statement of case on appeal under an extension of time by consent beyond the time available under the rules governing appeals, the motion to docket and dismiss will be allowed only after an inspection of the record proper as to the one and of the purported statement of case on appeal as to the other, fails to disclose error.

MOTION by State to docket case, affirm judgments, and dismiss appeals.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

STACY, C. J. , At the January (20th) Extra Term, 1947, Mecklenburg Superior Court, called for the trial of criminal cases exclusively, and

STATE v. LAMPKIN.

presided over by Burgwyn, Special Judge, the defendants herein, Richard McCain and Jethro Lampkin, were tried upon indictment charging them with the murder of one Thomas F. McClure, which resulted in convictions of murder in the first degree and sentences of death as the law commands in such cases. G. S., 14-17.

From the judgments thus entered, the defendants gave notice of appeal to the Supreme Court, and were granted the privilege of appealing *in forma pauperis,* without giving security for costs. G. S., 15-181. By consent, the defendants were allowed 60 days from 31 January, 1947, to make up and serve statement of case on appeal, and the solicitor was allowed 20 days thereafter to prepare and serve exceptions or countercase. Apparently these time limits were later extended, 30 and 40 days respectively, as appears from petition for *certiorari* filed in this Court on 31 March, 1947. The petition for *certiorari* was denied 6 May, 1947, "for failure to show merit and to negative laches." Nothing further seems to have been done in the case of Jethro Lampkin.

The motion of the Attorney-General to docket the case, affirm the judgments, and dismiss the appeals was filed 19 August, 1947. Thereafter, on 15 September, the Clerk of this Court received by Railway Express from counsel for Richard McCain what purports to be his statement of case on appeal. The statement appears to have been "accepted" by the solicitor of the Fourteenth Judicial District—date not given. It is stated therein that, by consent, the defendant was allowed 90 days from the rising of the court (31 January, 1947) to make up and serve his statement of cases on appeal, the solicitor was allowed 40 days thereafter to prepare and serve exceptions or countercase. As these stipulations run counter to the rules governing appeals, they are insufficient to preserve or to regain the right of appeal. *S. v. Farmer,* 188 N. C., 243, 124 S. E., 562.

The motion of the Attorney-General is well interposed, and must be allowed. *S. v. Nash,* 226 N. C., 608, 39 S. E. (2d), 596; *S. v. Watson,* 208 N. C., 70, 179 S. E., 455. However, as is customary in capital cases, the entire record has been examined. No reversible error appears on the face of the record proper, or in the McCain purported statement of case on appeal. *S. v. Brooks,* 224 N. C., 627, 31 S. E. (2d), 754.

Perhaps it should be noted that when the time for settling a case on appeal is extended beyond the term of the Supreme Court to which the appeal is required to be brought, the right to bring up the case on appeal is thereby lost and it no longer exists *ex lege* or as a matter of right. *S. v. Moore,* 210 N. C., 459, 187 S. E., 586; *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126. The manner of such extension, whether by consent of counsel or by order of court or by consent of counsel with approval of the court, can make no difference. *S. v. Moore, supra.* The rules

governing appeals are mandatory and not directory. *Calvert v. Carstarphen,* 133 N. C., 25, 45 S. E., 353. Neither the parties, nor their counsel, nor the Superior Court may disregard them or set them at naught. *Waller v. Dudley,* 193 N. C., 354, 137 S. E., 149; *S. v. Farmer, supra.*

Judgments affirmed; appeals dismissed.