Criminal prosecution tried upon indictment charging the defendant with the felonious slaying of one Walter Johnson.
The State's evidence tends to show that Walter Johnson, a man 64 years of age and small of stature, weighing about 120 pounds, was mortally wounded on the morning of 22 January, 1948, in his filling station located between Wallace and Harrell's Store, in Duplin County, N.C. His skull was crushed, his face cut and he died without regaining consciousness. The deceased, prior to his death had been suffering with rheumatism in his right arm, to such an extent that many of his customers who knew him, drew their own gasoline.
Several of the State's witnesses had seen the defendant at the filling station on the morning the deceased was killed. A posse was formed to apprehend the defendant, but he escaped capture and went to New York City, where he was arrested and held in the F.B.I. Detention Home.
The Sheriff of Duplin County and one of his deputies went to New York on 29 February, 1948, for the purpose of bringing the defendant to North Carolina for trial. Before leaving New York the defendant told these officers he struck the deceased with an axe and took his pocketbook from his person, which contained $145.00 or $146.00, but he said he struck the deceased in self-defense. He reiterated the statements made in his confession in the trial below, and testified he got into an argument with Mr. Johnson about a check he had given him and Mr. Johnson got mad and attacked him with an axe; that he took the axe from him and hit Mr. Johnson in self-defense; that when he went to the store he was drunk; that he bought several bottles of beer from the deceased and drank them; that he had not thought of robbing Mr. Johnson until after he hit him, then he decided to take his money.
Verdict: Guilty of murder in the first degree. Judgment: Death by asphyxiation.
The defendants appeals, assigning error.
The record before us contains 82 exceptions, none of which are brought forward and grouped as required by Rule 19 (3), Rules of Practice in the Supreme Court, 221 N.C. 554. The appeal would be dismissed without further consideration but for the fact the defendant is under a sentence of death.
In capital cases, it is the usual rule of this Court to examine the record to see if any error appears. S. v. Watson, 208 N.C. 70,179 S.E. 455. We have carefully examined the record proper and find no error therein. *Page 418 
Neither is any prejudicial error shown by the exceptions. S. v. Lampkin,227 N.C. 620, 44 S.E.2d 30.
Judgment affirmed; appeal dismissed.