### STATE v. EMMETT GARNER.

(Filed 2 March, 1949.)

**Criminal Law § 80b (4) —**

> Where defendant fails to file statement of case on appeal or apply for writ of *certiorari* within the time allowed, the appeal will be dismissed on motion of the Attorney-General, but where defendant has been convicted of a capital felony this will be done only after an inspection of the record proper fails to show error.

MOTION by State to docket case, affirm judgment, and dismiss appeal.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*
*No counsel contra.*

PER CURIAM. At a regular term of the Superior Court of Harnett County held on the first Monday in September, 1947, it being the first

day of September, 1947, for the trial of criminal cases exclusively, the defendant Emmett Garner was tried upon a bill of indictment charging him with crime of murder in the first degree. There was verdict of guilty of murder in the first degree as charged in the bill of indictment, upon which judgment of death as required by law was pronounced by the court at said term of court.

From this judgment defendant gave notice of appeal to the Supreme Court, and was allowed to appeal *in forma pauperis,* that is, without giving security for costs. Defendant was allowed sixty days to prepare and serve statement of case on appeal, and the State was allowed sixty days thereafter to prepare exceptions thereto or statement of countercase.

. The Clerk of Superior Court of Harnett County certifies, under date of 22 May, 1948, that "no statement of case of appeal to the Supreme Court in this case has ever been filed in this office, and . . . that no writ of *certiorari* in this case has been served" on him.

The Attorney-General of the State of North Carolina moves to docket and dismiss the case under Rule 17 of the Rules of Practice in the Supreme Court of North Carolina, 221 N.C. 544, at p. 551, and for affirmance of the judgment.

In the absence of apparent error upon the face of the record the motion is allowed. *S. v. Watson,* 208 N.C. 70, 179 S.E. 455; *S. v. Brooks,* 224 N.C. 627, 31 S.E. 2d 754; *S. v. Nash,* 226 N.C. 608, 39 S.E. 2d 596; *S. v. Ewing,* 227 N.C. 107, 40 S.E. 2d 600; *S. v. Lampkin,* 227 N.C. 621, 44 S.E. 2d 30; *S. v. Little,* 227 N.C. 701, 41 S.E. 2d 833; *S. v. West,* 229 N.C. 416, 47 S.E. 2d 712.

Appeal dismissed—judgment affirmed.