### STATE v. UZELLE JONES.

(Filed 30 November, 1949.)

**Criminal Law § 80b (4)—**

> Where defendant fails to serve statement of case on appeal within the time allowed, motion of the Attorney-General to docket and dismiss will be granted, but when defendant has been convicted of a capital offense this will be done only after an inspection of the record proper fails to disclose error.

APPEAL by defendant from *Williams, J.,* at January Term, 1949, of HOKE.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*No counsel contra.*

PER CURIAM. The defendant was convicted of murder in the first degree. Sentence of death by asphyxiation was imposed. Defendant gave notice of appeal, and was allowed thirty days to make and serve statement of case on appeal, and the State was allowed thirty days thereafter to file exception thereto, or to serve counter statement of case.

No case on appeal has been served, and the time for docketing appeals from the Ninth District for the Spring Term, of this Court, expired at 10:00 a.m., 26 April, 1949. *S. v. Moore,* 210 N.C. 459, 187 S.E. 586.

The Attorney-General moves to docket and dismiss the appeal. The motion must be allowed, but, according to our rule in capital cases, we

have examined the record to see if any error appears.   We find no error therein.   *S. v. Watson*, 208 N.C. 70, 179 S.E. 455.

Judgment affirmed.

Appeal dismissed.