### STATE v. FRANK SCRIVEN.

(Filed 24 May, 1950.)

**1. Criminal Law § 74—**

Transcript of record on appeal is required to be filed fourteen days before the call of the district to which the case belongs. Rule of Practice in the Supreme Court, No. 5.

**2. Criminal Law § 80b (4)—**

Where appellant does not docket the appeal or file transcript of the record on appeal within the time allowed, and fails to comply with mandatory rules of practice in the Supreme Court (Rules 5, 22, 21, 19 (3)) motion of the Attorney-General to docket and dismiss will be allowed, but in a capital case this will be done only after a careful examination of the whole record fails to disclose error.

DEFENDANT's appeal from *Burgwyn, Special Judge,* December Term, 1949, WILSON Superior Court.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*A. O. Dickens and R. F. Mintz for defendant, appellant.*

PER CURIAM. The defendant was tried under an indictment charging him with first-degree murder; and from a verdict of guilty as charged, without recommendation of mercy, and sentence of death thereupon, he appealed to this Court.

The record discloses that the defendant was tried at the term of Superior Court held in Wilson County beginning 5 December, 1949; and that verdict of guilty and judgment thereon was rendered 9 December, 1949.

Under Rule Five of the Practice of the Supreme Court, transcript of the record on appeal is required to be filed 14 days before the call of this, the Second District.

The defendant did not docket the appeal or file such transcript of the record in this Court until 6 April, 1950, after the time had expired; at which time one typewritten copy of the case on appeal, along with the

---

---

brief, was filed. In its assignments of error the brief makes broadside exceptions to the instructions to the jury without specific reference to exceptions thereto.

The Attorney-General moves to dismiss the appeal for noncompliance with the mandatory Rules of Practice in this Court. Rule 5, Rule 22, 21, 19 (3), and other pertinent requirements as to appeal. Counsel for the defendant have been supplied with copies of the motion to dismiss. The Clerk of this Court at the request of the Court communicated with said counsel, and reply thereto does not indicate that any further steps will be taken in prosecution of the appeal.

As this is a capital case, the Court, as is its practice, has carefully examined the whole record and does not find therein any error. *S. v. West,* 229 N.C. 416, 50 S.E. 2d 3; *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126; *S. v. Butner,* 185 N.C. 731, 117 S.E. 163; *S. v. Watson,* 208 N.C. 70, 179 S.E. 455; *S. v. Goldston,* 201 N.C. 89, 158 S.E. 926.

The judgment of the court below is, therefore, affirmed, and the appeal is dismissed.

Judgment affirmed.

Appeal dismissed.