STATE v. JAMES RICHARD HALL.

(Filed 7 March, 1951.)

**Criminal Law § 80b (4)—**

Where defendant gives notice of appeal in open court, but does nothing to perfect the appeal, the motion of the Attorney-General to docket and dismiss will be allowed, but where defendant has been convicted of a capital felony this will be done only after an inspection of the record proper fails to disclose error.

MOTION by State to docket and dismiss appeal and affirm judgment in a capital case.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

ERVIN, J. The prisoner was tried before Judge J. Will Pless, Jr., and a jury, at the October Term, 1950, of the Superior Court of Jackson County upon an indictment charging him with the murder of one Laura Ellen Taylor. The jury returned a verdict finding the prisoner guilty of murder in the first degree, but did not recommend that his punishment should be imprisonment for life in the State's prison. G.S. 14-17 as rewritten by Section 1 of Chapter 299 of the 1949 Session Laws of North Carolina. Judgment was entered upon the verdict that the prisoner suffer death by the administration of lethal gas. G.S. 15-187. The prisoner excepted to this judgment, and gave notice in open court of an appeal to the Supreme Court. The judge trying the case granted the prisoner sixty days as time in which to serve statement of case on appeal, and gave the Solicitor thirty days after such service as time in which to serve exceptions or countercase.

The Clerk of the Superior Court of Jackson County certifies in substance that the prisoner has not served any statement of case on appeal; that the time granted to him by the trial judge for so doing has expired; and that counsel for the prisoner have informed him, *i.e.,* the Clerk, "that they do not intend to perfect the appeal." Furthermore, the prisoner has failed to docket his appeal within the time prescribed by Rule 5 of the Rules of Practice in the Supreme Court. The Attorney-General

presents to this Court the requisite certificate of the Clerk of the Superior Court of Jackson County, and moves that the case be docketed, that the appeal be dismissed, and that the judgment of the Superior Court be affirmed under Rule 17 of the Rules of Practice in the Supreme Court.

In accordance with the custom which obtains in this Court in convictions for capital felonies, we have examined the record proper, which has been certified to us by the Clerk of the Superior Court of Jackson County. Such record fails to disclose any error in the indictment, trial, conviction, and sentence of the prisoner. Consequently, the motion of the Attorney-General must be allowed. *S. v. Morrow,* 220 N.C. 441, 17 S.E. 2d 507; *S. v. Watson,* 208 N.C. 70, 179 S.E. 455. It is so ordered.

Judgment affirmed. Appeal dismissed.