## STATE v. CURTIS SHEDD.

(Filed 7 March, 1951.)

**Criminal Law § 80b (4) —**

> Where defendant gives notice of appeal in open court, but does nothing to perfect the appeal, the motion of the Attorney-General to docket and dismiss will be allowed, but where defendant has been convicted of a capital felony this will be done only after an inspection of the record proper fails to disclose error.

APPEAL by defendant from *Pless, J.,* at December Term, 1950, of MACON.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*No counsel contra.*

PER CURIAM. The defendant, being charged in separate bills of indictment with the murder of Jo Ann Boyter and Johnnie Mae Boyter, was convicted of murder in the first degree in each of the two cases, which by consent were consolidated for trial. Sentence of death by asphyxiation was duly imposed in each case. The defendant gave notice of appeal. No case on appeal was served within the time allowed by the court below, and counsel for defendant in the trial below have notified the Clerk of the Superior Court of Macon County that they do not intend to perfect the appeal.

The Attorney-General moves to docket and dismiss the appeal. The motion must be allowed, but, according to the usual rule of the Court in

capital cases, we have examined the record to see if any error appears. We find none therein.   *S. v. Watson,* 208 N.C. 70, 179 S.E. 455.   Hence,
  Judgment affirmed.
  Appeal dismissed.