STATE v. LAFAYETTE MILLER.

(Filed 9 April, 1952.)

**Criminal Law § 80b (4)—**

Where defendant files no statement of case on appeal within the time allowed and does not apply for writ of *certiorari*, the appeal will be dismissed upon motion of the Attorney-General, but where defendant has been convicted of a capital felony this will be done only after an inspection of the record fails to disclose error.

MOTION by State to docket case, affirm judgment, and dismiss appeal.

*Attorney-General McMullan for the State.*
*No counsel contra.*

WINBORNE, J.   At a regular term of the Superior Court of Beaufort County, North Carolina, held on the 14th day of January, 1952, for the trial of criminal cases exclusively, Williams, J., presiding, the defendant Lafayette Miller was tried upon a bill of indictment charging him with the crime of murder in the first degree for the killing of one Harvey C. Boyd.   There was a verdict of guilty of murder in the first degree as charged in the bill of indictment, upon which judgment of death as required by law was pronounced by the court at said term of Superior Court.

From this judgment defendant gave notice of appeal to the Supreme Court of North Carolina, and an order was entered allowing defendant sixty days for making up and serving statement of case on appeal and the State allowed sixty days thereafter to serve countercase.   And on 3 March, 1952, attorneys for defendant, by assignment of the court, filed in this Court a motion, dated 29th day of February, 1952, "to withdraw the appeal in this cause, being unable to assign error to any part of the record or evidence in the cause."

And it now appears from certificate of the Clerk of Superior Court of said Beaufort County, under date 28 March, 1952: "that the trial of the case of *State v. Lafayette Miller* began on Wednesday, January 16, 1952, and was completed and sentence of death imposed and the judgment signed on Friday, January 18, 1952; that the January Term of the Superior Court of Beaufort County, North Carolina, was a two (2) weeks term; that the last day of said January Term was held on Tuesday, January 22, 1952; that the minutes of said court show, as the same appear on Minute Docket 28, page 173, of the Superior Court of Beaufort County, North Carolina, that the court expired by limitation; that as of this date, March 28, 1952, no statement of or case on appeal has been filed in the office of the Clerk of the Superior Court of Beaufort County in this action entitled "State *v.* Lafayette Miller," nor has any notice of application for writ of *certiorari* been served as of this date, March 28, 1952."

Therefore, it appears that the time allowed for serving statement of case on appeal has expired; that no statement of case on appeal has been filed; and that no notice of application for writ of *certiorari* has been given, and no application therefor has been filed in this Court.

And, in the meantime, the Attorney-General of the State of North Carolina moves to docket and dismiss the case under Rule 17 of the Rules of Practice in the Supreme Court of North Carolina, 221 N.C. 544, at page 551, and for affirmance of the judgment.

In the absence of apparent error upon the face of the record the motion is allowed. See among others the case of *S. v. Garner,* 230 N.C. 66, 51 S.E. 2d 895, and cases there cited. See also *S. v. Lewis,* 230 N.C. 539, 53 S.E. 2d 528; *S. v. Medlin,* 231 N.C. 162, 56 S.E. 2d 396; *S. v. Jones,* 231 N.C. 216, 56 S.E. 2d 390; *S. v. Daniels,* 231 N.C. 509, 57 S.E. 2d 653; *S. v. Scriven,* 232 N.C. 198, 59 S.E. 2d 428; *S. v. Liles,* 232 N.C. 622, 61 S.E. 2d 603; *S. v. Hall,* 233 N.C. 310, 63 S.E. 2d 636; *S. v. Shedd,* 233 N.C. 311, 63 S.E. 2d 633.

Appeal dismissed.
Judgment affirmed.